IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEITH TRON,                                       )
                                                  )
        Plaintiff,                        )    Case No. 04-1157-KI
                                                  )
vs.                                               )    OPINION AND ORDER
                                                  )
UNITED STATES, KLAMATH COUNTY,                    )
DR. ASLAM, Personally, DR. C. BLAKE,              )
Personally, DR. CASEY, Personally,                )
DR. MCKELLAR, Personally,                         )
                                                  )
        Defendants.                       )

    Leonard R. Berman
    4711 S. W. Huber Street, Suite E-3
    Portland, Oregon 97219

        Attorney for Plaintiff

    Karin J. Immergut
    United States Attorney
    Britannia I. Hobbs
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Robert E. Franz, Jr.
P. O. Box 62
Springfield, Oregon 97477

Stephen R. Rasmussen
Hoffman Hart & Wagner, LLP
1000 S. W. Broadway, 20th Floor
Portland, Oregon 97205

    Attorneys for Defendants

KING, Judge:

Plaintiff Keith Tron brings an action alleging a violation of his Eighth Amendment rights and medical negligence against the United States, Klamath County, Dr. Aslam, Dr. C. Blake, Dr. Casey, and Dr. McKellar. Before the court is Defendant Muhammad Aslam, M.D.'s ("Dr. Aslam") Motion to Dismiss Plaintiff's Eighth Amendment Claim (#27) and the United States of America's Notice of Substitution for Muhammad Aslam, M.D. for Medical Negligence Arising Under the Federal Tort Claim Act (#23).[1] For the following reasons, I deny the motion to dismiss and grant the notice of substitution.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that when he entered the Klamath County jail, on or about August 25, 2002, he was suffering from a severe knee injury. On September 17, 2002, he was diagnosed with torn meniscus in his left knee and degenerative joint disease, and was told he needed surgery within 30 days. Plaintiff was transferred to FCI Sheridan in October 2003. Plaintiff underwent surgery on or about December 1, 2004, but until that time he had not been offered

---

[1]Although plaintiff filed a Third Amended Complaint subsequent to the filing of these motions, I evaluate the motions as applied to the Third Amended Complaint because the motions anticipate the filing of that complaint.

adequate physical therapy, disability accommodations, or pain medication. His cell was on the second floor of the facility.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

## DISCUSSION

I.    Second Cause of Action: Plaintiff's Eighth Amendment Claim Against Muhammad Aslam, M.D.

Plaintiff alleges Dr. Aslam is a medical practitioner who treats patients for FCI Sheridan. Plaintiff alleges that Dr. Aslam, among the other defendants, failed to provide the prescribed surgery, and did not furnish adequate physical therapy, disability accommodations and pain medication. Specific to this claim, plaintiff alleges that,

> The actions and conduct of all defendants, while acting in the course and scope of their employment, resulted in the violation of Plaintiff's right to be free of cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, when said defendants denied plaintiff proper medical care and caused wanton and needless infliction of pain and suffering and all defendants, including Dr. Aslam . . . , demonstrated a deliberate indifference to the health, safety and well-being of plaintiff.

Third Amended Complaint ¶ 11.

Dr. Aslam argues that these allegations support only a medical malpractice claim, not a claim under the Eighth Amendment. In addition, Dr. Aslam contends that the allegations are conclusory and do not offer any facts to support the assertion that he acted with deliberate indifference.[2]

Plaintiff submitted only a brief response, arguing that Dr. Aslam cared for him before authorizing surgery, and this is sufficient to give rise to an inference that he acted with deliberate indifference.[3]

Dr. Aslam replies that mere delay in performing surgery is insufficient to support an Eighth Amendment claim. Shapley v. Nevada Board of State Prison Comm'rs, 766 FF.2d 404, 407 (9th Cir. 1985) ("mere delay of surgery, without more, is insufficient to state a claim"); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (two-month delay insufficient to support claim).

To prevail on a claim of the denial of adequate medical care, under the Eighth Amendment, plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. Id. A serious medical need is present whenever

---

[2]Dr. Aslam implies that plaintiff's Third Amended Complaint must survive a heightened pleading standard. However, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1124-25 (9th Cir. 2002) made it clear that "heightened pleading of improper motive in constitutional tort cases" should no longer be required.

[3]Plaintiff refers to the Affidavit of Dr. Aslam submitted in support of the United States' Notice of Substitution. I do not consider this affidavit as I do not wish to convert this motion to dismiss into a motion for summary judgment. See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

Page 4 - OPINION AND ORDER

the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (internal quotation omitted). Deliberate indifference is evidenced only when the official knows of and disregards an excessive risk to inmate health or safety. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). Additionally, mere negligence is insufficient for liability. Id. Rather, the prisoner must show that the course of treatment undertaken was medically unacceptable under the circumstances, and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Although I have seriously considered the arguments raised by Dr. Aslam, viewing the allegations in the light most favorable to plaintiff, I find that plaintiff has stated a claim for which relief can be granted. Plaintiff has alleged that in addition to denying him the prescribed surgery, defendant Dr. Aslam denied him appropriate physical therapy, disability accommodations and pain medication. The cases Dr. Aslam relies on specifically recognize that failing to provide surgery may constitute deliberate indifference if plaintiff was harmed by the denial. See Shapley, 766 F.2d at 407 ("no claim for deliberate medical indifference unless the denial was harmful"); Wood, 900 F.2d at 1335 ("delay must have caused substantial harm"). Reading the Third Amended Complaint liberally, plaintiff has alleged that Dr. Aslam, along with the other defendants, inflicted pain and suffering on him. I will, however, consider Dr. Aslam's arguments in a Motion for Summary Judgment.

II.  First Cause of Action:  Plaintiff's Negligence Claim Against Muhammad Aslam, M.D.

Plaintiff makes the same allegations in support of his negligence claim as support his Eighth Amendment claim–failure to provide surgery, physical therapy, disability accommodations and pain medication.  In addition, plaintiff alleges:

> The actions and conduct of all defendants and their employees, *while acting in the course and scope of their employment*, in acting or failing to act, breached their medical duty of care and standard of care to provide plaintiff with competent and appropriate health care for his condition.

Third Amended Complaint ¶ 10 (emphasis added).  Plaintiff's Third Amended Complaint names the United States as a party, in addition to Dr. Aslam, now that the 180 days has run for the tort claims notice.

Dr. Aslam contends that under the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA"), the Attorney General or his designee may certify that the defendant was acting within the course and scope of his employment, thereby converting the action into one against the United States.  28 U.S.C. § 2679(d)(1).  Plaintiff bears the burden of disproving the Attorney General's employment certification.  Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993).  Once the United States is substituted for Dr. Aslam, the Federal Tort Claims Act is plaintiff's only avenue of recovery for negligence on the basis of Dr. Aslam's conduct.  See id.

Plaintiff responds to Dr. Aslam's arguments by asserting that Dr. Aslam is a *Bivens* defendant.  A *Bivens* defendant is a "federal official[] brought into federal court for violating the Federal Constitution."  Carlson v. Green, 446 U.S. 14, 24 n.11 (1980).  Plaintiff's negligence claim against Dr. Aslam does not assert a constitutional violation.  Daniel v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United

Page 6 - OPINION AND ORDER

States Constitution"). Accordingly, Dr. Aslam is not a *Bivens* defendant for purposes of the first cause of action.

Plaintiff does not argue that Dr. Aslam was not acting within the course and scope of his employment. Indeed, as set forth above, he alleges in his Third Amended Complaint that Dr. Aslam *was* acting within the course and scope of his employment. Accordingly, plaintiff has not met his burden of disproving the Attorney General's certification that Dr. Aslam "acted within the course and scope of his employment with the United States Bureau of Prisons at all times with respect to the claims made in the Complaint." Certification of Scope of Employment. Therefore, the United States will be substituted for Dr. Aslam as to plaintiff's negligence claim pursuant to 28 U.S.C. § 2679(d)(1).

## CONCLUSION

Defendant Muhammad Aslam, M.D.'s Motion to Dismiss Plaintiff's Eighth Amendment Claim (#27) is denied and the United States' Notice of Substitution for Muhammad Aslam, M.D. for Medical Negligence Arising Under the Federal Tort Claim Act (#23) is granted. Dr. Aslam is dismissed as an individual defendant from plaintiff's First Cause of Action alleging negligence in plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

Dated this   28th   day of November, 2005.

　　　　　　　　　　　　　　　　　　　  /s/ Garr M. King
　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　United States District Judge