IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KEITH TRON, | ) |
| | ) |
| Plaintiff, | ) Case No. 04-1157-KI |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| UNITED STATES, KLAMATH COUNTY, DR. ASLAM, Personally, DR. C. BLAKE, Personally, DR. CASEY, Personally, DR. MCKELLAR, Personally, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

    Leonard R. Berman
    4711 S.W. Huber Street, Suite E-3
    Portland, Oregon  97219

        Attorney for Plaintiff

    Karin J. Immergut
    United States Attorney
    Scott Erik Asphaug
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for United States and Dr. Aslam

Page 1 - OPINION AND ORDER

>Robert E. Franz, Jr.
>P. O. Box 62
>Springfield, Oregon  97477

>Attorney for Defendants Klamath County and Dr. McKellar

KING, Judge:

Plaintiff Keith Tron brings an action alleging a violation of his Eighth Amendment rights and medical negligence against the United States, Klamath County, Dr. Aslam, Dr. C. Blake, Dr. Casey, and Dr. McKellar.  Before the court are the Motion for Summary Judgment of the United States and Dr. Aslam (collectively, "federal defendants") (#60), the United States' Motion to Strike Affidavit of Dr. Phillip Joseph Silberberg (#109), the Motion for Summary Judgment by Defendants Klamath County and Jon McKellar, M.D. (collectively, "county defendants") (#71), and Plaintiff's Cross-Motion for Partial Summary Judgment (#95).  The parties previously stipulated to a dismissal with prejudice of Dr. Casey and Dr. C. Blake.

## FACTUAL BACKGROUND

Tron alleges that when he entered the Klamath County Jail after being arrested on August 25, 2002, he was suffering from a severe injury to his left knee.  Tron acknowledges that he injured the knee jumping over a ten-foot fence in an effort to elude police before his arrest.  Tron had previously injured the knee in 1987, requiring surgical repair of his anterior cruciate ligament, and in 1998 while playing basketball in prison, again requiring surgery.

On September 17, 2002, a private orthopedic surgeon in Klamath Falls, Dr. Schmitz, diagnosed Tron with a torn meniscus in his left knee and degenerative joint disease.  According to Tron, Dr. Schmitz offered to schedule surgery on September 20, 2002, and again on October 2, 2002.  The surgery never occurred.

Page 2 - OPINION AND ORDER

Dr. Schmitz advised Dr. McKellar, a physician who provided medical services to the Klamath County Jail, on September 30, 2002 that

> Mr. Tron is in transition to a federal penitentiary from the Klamath County Jail and this poses some dilemma with respect to his left knee. The patient ultimately will need to have this left knee arthroscoped, in my opinion, certainly if he has continuation of limitation of range of motion. This had already been discussed with Mr. Caleb. If the patient has protection of this left knee then he should not incur further injury within the next month or so.

Aff. of Robert E. Franz, Jr. in Supp. of the Mot. for Summ. J. ("Franz Aff."), Ex. 101 at 18.

Dr. Schmitz testified during his deposition that his note could be amended to say that with protection of the left knee, Tron could avoid injury for ninety days or so. Dr. Schmitz also testified that if the mechanical constraints and range of motion concerns abated over time, the urgency of the surgery would also change and the procedure would become elective.

Tron remained in Klamath County Jail until October 24, 2002, when he was moved to Lane County Jail, then was returned to Klamath County Jail where he stayed from November 1, 2002 until December 9, 2002, until he was again transferred to Lane County Jail.

Tron was transferred from Lane County Jail to FCI Sheridan in September 2003. After arriving at Sheridan, Tron was able to walk around the facility grounds with a limp, and Sheridan staff saw Tron fifteen times regarding his complaints of knee pain. They modified his activities, provided crutches, bracing, and various pain medications throughout the time of treatment.

On March 11, 2004, private orthopedic surgeon Dr. Blake recommended an orthoscopic menisectomy. Dr. Blake saw Tron again on April 22, 2004, at which time the doctor requested an MRI. Dr. Aslam began working at FCI Sheridan on April 26, 2004. On April 27, 2004, he

saw and approved Dr. Blake's MRI request.[1]  Dr. Aslam subsequently reviewed Dr. Blake's March 11, 2004 surgery recommendation, but felt that "there would be no reason to do surgery before doing an MRI." Federal Defs.' Resp. to Concise Statement of Material Facts Filed by Pl., Ex. 1, Aslam Dep., 70:3-4.

Tron underwent surgery in December 2004. Since surgery, Tron still experiences pain and mobility difficulties.

## LEGAL STANDARD

Failure to exhaust nonjudicial remedies "should be raised in a[n unenumerated 12(b)] motion to dismiss, or be treated as such if raised in a motion for summary judgment," Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365, 368-9 (9th Cir. 1988) (per curiam). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact, but only with regard to the exhaustion issue. Id. at 389.

## DISCUSSION

I.  Exhaustion of Administrative Remedies

    A.  Federal Defendants

Federal defendants submitted a notice of supplemental authority after filing their motion for summary judgment. In the notice, federal defendants argues that whether or not Tron exhausted his administrative remedies is a threshold issue in this case. They rely on the June 22, 2006 Supreme Court decision in Woodford v. Ngo, 126 S. Ct. 2378 (2006). The Supreme Court

---

[1]Dr. Curtis R. Holzgang's declaration reports that the MRI was approved on April 29, 2003, but, given the time frame for Tron's incarceration at Sheridan, he probably intended to write April 29, 2004. Whether the date for approval was April 27 or April 29, 2004, Dr. Aslam approved the MRI within a short time of his employ.

in that case reversed the Ninth Circuit and held that the 1995 Prison Litigation Reform Act ("PLRA")[2] requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court, including following all procedural rules for filing a grievance. Woodford, 126 S. Ct. at 2383-84. Specifically, exhaustion requires using all steps that the agency holds out, and doing so properly, including complying with any required deadlines. Id. at 2385. As early as 2001, the Supreme Court held that exhaustion is required under the PLRA even if the inmate is seeking only money damages. Booth v. Churner, 532 U.S. 731 (2001).

Federal defendants assert that Tron arrived at FCI Sheridan on September 24, 2003, and that their records indicate that Tron made no requests nor filed any administrative remedies regarding the issues in his Complaint, and indeed that he did not submit any informal requests to staff or requests for administrative remedy prior to 2005. This assertion is supported by the Declaration of Margaret Ogden, indicating that the Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment, that an inmate must appeal any denied request to the Regional Director and Central Office of the Federal Bureau of Prisons, and that no administrative appeal is exhausted until a decision is reached on the merits by the Bureau of Prisons Central Office. Furthermore, Ogden offers a copy of Tron's grievance history, and all of his requests carry dates from 2005 and 2006.

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Page 5 - OPINION AND ORDER

Tron argues in his Response and Cross Motion for Partial Summary Judgment that he exhausted administrative remedies as to the United States by filing a Tort Claims Act claim in February 2005.

Tron has not raised an issue of material fact as to his non-exhaustion of administrative remedies against the federal defendants. Filing a claim required as a statutory prerequisite for a suit based on the Tort Claims Act is not equivalent to availing one's self of administrative remedies in compliance with the PLRA. Compare 28 C.F.R. § 542.10 with 28 C.F.R. § 543.30. The federal claims against the United States and Dr. Aslam should be dismissed.[3]

Tron's constitutional claims against the United States and Dr. Aslam must be dismissed without prejudice due to Tron's failure to exhaust his administrative remedies.

B.    Defendants Klamath County and Dr. McKellar

Klamath County also argues that an inmate must prove that he exhausted his administrative remedies by filing a grievance in the jail in which he is lodged and appealing any adverse decision to the last level of the grievance process.[4] Chris Montenaro, jail commander, provides a copy of the manual describing the grievance process. Prisoners must make a grievance to the Pod Officer or a Staff Officer, and appeal the decision to the jail commander.

---

[3] I note that the exhaustion requirement is an affirmative defense, and is waived if the defendant does not raise it. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Here, the federal defendants did not raise lack of exhaustion as an affirmative defense in their Answer. At oral argument they explained this was due to the Ninth Circuit's decision in Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), which has only recently been overturned by the Supreme Court. Nevertheless, even if that case does not excuse federal defendants' oversight, Tron does not assert that he has suffered any prejudice from the federal defendants' omission. See Panaro v. City of North Las Vegas, 432 F.3d 949, 952 (9th Cir. 2005); Paine v. City of Lompoc, 265 F.3d 975, 981 n.1 (9th Cir. 2001). As a result, the defense is not waived.

[4] The County defendants have raised Tron's failure to exhaust administrative remedies as their Fourth Affirmative Defense.

Page 6 - OPINION AND ORDER

Klamath County Jail provides forms to the inmates on which they can write their complaints. Klamath County claims that Tron never filed any complaint or grievance concerning any decision about his need for surgery while he was incarcerated at the Klamath County Jail, nor did he file any appeal.

Tron responds in his Response and Cross Motion for Partial Summary Judgment that he exhausted administrative remedies as to Klamath County by speaking to jail commander Montenaro and by sending a written grievance regarding denial of surgery to him in September 2002, and at the same time sending a written grievance to Sheriff Tim Evinger. Tron claims that the grievance process did not allow him to keep a copy of the grievance. Supp. Aff. of Keith Tron ¶ 2. Tron also argues that Montenaro knew that Tron needed surgery, pointing to the commander's jail log entry and attendance at a court hearing where the surgery was mentioned.

The records from Klamath County Jail do not reflect that Tron filed any administrative complaints or grievances regarding his need for surgery. Franz Aff., Exs. 101-103. Tron also does not indicate whether he received a response to his written grievances or whether he pursued appeals if they were denied. Furthermore, simply making an oral request of the commander does not comply with the requirements of Klamath County's grievance process, and showing that the jail commander had knowledge of the prisoner's need is insufficient to satisfy the statutory mandate of the PLRA. Finally, his excuse that the grievance process did not allow for him to keep copies of grievances is not persuasive since pursuant to the discovery process he had an opportunity to obtain any relevant documents from the County defendants. Tron does not request additional time to request such discovery, nor does he complain that these documents are no longer available from the County defendants. Since Tron is unable to point to any evidence, other than his contemporary affidavit, to show that he actually took advantage of the grievance

Page 7 - OPINION AND ORDER

procedure in Klamath County Jail, his claims against Klamath County must be dismissed without prejudice for failure to exhaust his administrative remedies.

II.     State Claim for Negligence

Since I have dismissed the federal constitutional claim against the federal and County defendants due to Tron's failure to exhaust administrative remedies, the remaining pendent state claim for negligence should also be dismissed. Jones v. Community Redevelopment Agy., 733 F.2d 646, 651 (9th Cir. 1984) (dismissing federal claims before trial generally dictates that pendent state claims be dismissed).

## CONCLUSION

For the reasons stated above, treating the motions as motions to dismiss, I grant the Motion for Summary Judgment of the United States and Dr. Aslam (#60), and the Motion for Summary Judgment by Defendants Klamath County and Jon McKellar, M.D. (#71). I deny as moot Plaintiff's Cross-Motion for Partial Summary Judgment (#95). I also deny as moot the United States' Motion to Strike Affidavit of Dr. Phillip Joseph Silberberg (#109).

IT IS SO ORDERED.

Dated this      8th      day of September, 2006.

    /s/ Garr M. King
Garr M. King
United States District Judge

procedure in Klamath County Jail, his claims against Klamath County must be dismissed without prejudice for failure to exhaust his administrative remedies.

II.     State Claim for Negligence

Since I have dismissed the federal constitutional claim against the federal and County defendants due to Tron's failure to exhaust administrative remedies, the remaining pendent state claim for negligence should also be dismissed. Jones v. Community Redevelopment Agy., 733 F.2d 646, 651 (9th Cir. 1984) (dismissing federal claims before trial generally dictates that pendent state claims be dismissed).

## CONCLUSION

For the reasons stated above, treating the motions as motions to dismiss, I grant the Motion for Summary Judgment of the United States and Dr. Aslam (#60), and the Motion for Summary Judgment by Defendants Klamath County and Jon McKellar, M.D. (#71). I deny as moot Plaintiff's Cross-Motion for Partial Summary Judgment (#95). I also deny as moot the United States' Motion to Strike Affidavit of Dr. Phillip Joseph Silberberg (#109).

IT IS SO ORDERED.

Dated this      8th      day of September, 2006.

    /s/ Garr M. King
Garr M. King
United States District Judge